IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONATHAN ALLEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-160-D |
| | ) | |
| OKLAHOMA COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

By Order of February 21, 2017, the Court found the papers filed by Plaintiff were insufficient to satisfy federal pleading requirements, and directed him to file a complaint that complies with Fed. R. Civ. P. 8(a). In response, Plaintiff, who appears *pro se*, has filed the Complaint [Doc. No. 5], which states in full (excluding strikeouts) as follows:

> I went to jail on August 5, 2014 for public drunk. I was supposed to get released in 10 hours but they kept me in jail for 3 extra days. I did not get released until August 9. Kidnapping

*See* Compl. [Doc. No. 5]. No jurisdictional statement or demand for relief is made.

Liberally construing Plaintiff's pleading, the Court finds that the Complaint does not satisfy Rule 8(a) and fails to state a claim within the subject matter jurisdiction of this Court. The only possible basis of a federal claim for "kidnapping" is 42 U.S.C. § 1983, which authorizes a civil action against a person acting under color of state law who deprives a citizen of a right protected by the Constitution. An illegal jail detention might violate the detainee's Fourth Amendment right to be protected from unlawful seizure, or Fourteenth Amendment right not be deprived of liberty without due process. *See Pierce*

*v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004). In Oklahoma, however, a § 1983 action must be brought within two years after the claim accrues, and "'[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'" *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (quoting *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)). Plaintiff alleges his illegal detention lasted three days and ended August 9, 2014. Thus, any § 1983 claim filed in February 2017 based on that detention is time barred.

For these reasons, the Court finds that Plaintiff's Complaint fails to state a basis for federal court jurisdiction over his "kidnapping" claim. Therefore, this action must be dismissed without prejudice to refiling in an appropriate forum.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 24th day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE